BOOTH, Judge,
dissenting.
I respectfully dissent and would affirm the order of the judge of compensation claims dismissing the claim. That order finds, in pertinent part, as follows:
That the claimant suffered a compen-sable accident at TVS Trucking, Inc. on July 16, 1987 when he suffered a minor injury which is long since healed. Further, there are no residuals from the accident of July 16, 1987.
That the employer provided the claimant with medical treatment and offered to pay for any further treatment the claimant required, however, the claimant voluntarily refused to be treated.
[[Image here]]
That the claimant suffered a very serious problem with his left shoulder several months before the July 16, 1987 accident and as a result of those problems was treated by Dr. Norton Baker. I find the claimant’s current complaints are a result of his prior serious condition.
That based on my personal observation of the claimant and the inconsistency of his testimony, especially regarding his pre-existing medical condition, the real reason for the move to Tennessee (his wife’s new job) and his knowledge of the workers’ compensation system, I find the claimant’s testimony to be incredible.
The judge was not required to accept the opinion of Dr. Christopher that the 1986 *867 incident aggravated claimant’s preexisting condition. That doctor first saw claimant on November 9, 1988, more than a year after the August 16, 1987 accident, and his opinion was arrived at without knowledge of medical reports establishing claimant’s pre-1987 condition. Christopher’s opinion was dependent to a large degree on claimant’s version of past events and of his medical history, symptoms, and complaints. The law is that where the claimant is found not credible, an expert opinion based on history and symptoms as related by the claimant, may also be rejected by the judge.
I would affirm the order of the judge of compensation claims.